UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE RUDDY and REBECCA
RUDDY, husband and wife,
individually and as parents
Of SCOTT RUDDY, a minor,

        NO. 3:17-CV-423-RPC

    Plaintiff,

        (JUDGE RICHARD P. CONABOY)

    v.

POLARIS INDUSTRIES INC. AND
POLARIS SALES INC.,

    Defendants.

FILED
SCRANTON

OCT 1 9 2017

Per_____
DEPUTY CLERK

**MEMORANDUM**

We consider here a motion by Defendants Polaris Industries, Inc. and Polaris Sales, Inc. That motion (Doc.12) is characterized by Defendants as a "Partial Motion to Dismiss" the object of which is to strike Count III of Plaintiff's Complaint sounding in breach of warranty. The parties have fully briefed (Docs. 14, 21, and 24) the issues and the motion is ripe for disposition.

Defendants seek to strike Count III of Plaintiff's complaint pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure due to their assertion that it is barred by the applicable statute of limitations. As Defendants assert (Doc. 14 at 3), a statute of limitations may properly be raised in a motion under Rule 12 (b) (6). See Robinson v. Johnson, 313 F. 3d 128,135, (3d Cir. 2002).

Defendants contend that, whether Plaintiff's Count III is construed as an express or implied warranty claim, it is time-barred under the applicable statute, 13 Pa. C.S. § 2725 (a).[1] Because the complaint in this matter was not filed until 7 years after the vehicle in question was delivered to Plaintiff and some 15 years after it was sold to the original purchaser, Defendants contend that the four year limitation period of § 2725 (a) should operate to preclude Plaintiff's Count III.

Plaintiffs Eugene Ruddy and Rebecca Ruddy, both individually and on behalf of their minor son, Scott Ruddy, respond that, while § 2725 does generally limit breach of warranty claims to those that arise within four years of the date of purchase of the goods in question, warranty claims that arise afterward are still viable if they flow from an express warranty that the item in question is "safe and fit for the ordinary and particular purpose for which it was sold". (Doc. 21 at 5).[2] Plaintiffs contend that such an express warranty can toll the statute of limitations. See 13 Pa. C.S. § 2725 (b); also Fassett v. Sears Holdings Corp., 2015 WL 5093397 (M.D. PA 2015). Plaintiffs state further that, because the statute of limitations is an affirmative defense, they were under

---

[1] It is axiomatic that in a case where jurisdiction is based on diversity, such as this one, the substantive law of the forum state controls.

[2] There is no question that implied warranties can never be extended beyond the 4 year limitations period. Fassett v. Sears Holdings Corp., supra.

2

no obligation to plead facts that support the tolling mechanism. Schmidt v. Skolar, 770 F.3d 241, 251, (3d Cir. 2014). Accordingly, Plaintiffs argue that they should be permitted to engage in discovery to determine whether Defendants issued any express warranty other than the one Defendants have filed with their motion (see Docket Item 12-2) or, in the alternative, whether Defendants had advertised the subject goods in a fashion that could be tantamount to an express warranty. (Doc. 21 at 7-8).

Defendants respond that "common sense and everyday experience" compel the conclusion that Defendants did not provide an express warranty of such extended length to cover the 15 year gap between their sale of the vehicle and its acquisition by the Plaintiffs. Defendants contend too that the one year warranty (alluded to above) for the goods, a 2002 Virage i PWC, was the only express warranty issued with respect to that personal watercraft. (Doc. 24 at 4-5). Defendants deride Plaintiffs allegation that they may have extended an additional express warranty or published an advertisement tantamount to an additional express warranty that the goods in question would be fit for their intended purpose for 15 years or more as "rank speculation" and too implausible to pass the heightened pleading requirements of Ashcroft v. Iqbal, 556 U.S. 662,679 (2009) (Doc. 24 at 6-7). This "implausibility", Defendants

3

contend, justifies this Court's dismissal of Plaintiffs' breach of warranty claim.

Having reviewed the parties' arguments, the Court is unconvinced that there is no set of facts that could be adduced which would support Plaintiffs' breach of warranty claim. The Court is also convinced that Plaintiffs' Complaint is sufficiently specific to give Defendants fair notice of the basis for their breach of warranty claim. Accordingly, the court will allow the parties to engage in discovery to determine whether any express warranty other than the one already proffered by Defendant was made or whether any advertisement published by the Defendants and relied upon by Plaintiffs could properly be construed as the sort of express warranty envisioned by the tolling provision of 13 Pa C.S. § 2725 (b). If discovery, which will be necessarily extensive in a products liability case of this nature, does not yield evidence of an extended express warranty, Defendant will then be free to move for summary judgment on that issue.

RICHARD P. CONABOY
United States District Judge

DATED: 10-19-17