# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE RUDDY and REBECCA RUDDY, husband and wife, individually and as parents of S.R., a minor | : | CIVIL ACTION-LAW |
| | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| POLARIS INDUSTRIES, INC., | : | Docket No:  3:17-CV-423  RPC |
| POLARIS SALES, INC., FEDERAL- | : | |
| MOGUL, LLC, FEDERAL-MOGUL, | : | |
| CORPORATION, MOELLER MARINE | : | |
| PRODUCTS f/k/a TEMPO | : | |
| PRODUCTS, INC., CARTER FUEL | : | |
| SYSTEMS, INC., INCA PRODUCTS | : | |
| ACQUISITION CORPORATION and | : | |
| SEASTAR SOLUTIONS, THE MOORE | : | |
| COMPANY, INCA PRODUCTS | : | |
| ACQUISTION CORPORATION AND | : | |
| SEASTAR SOLUTIONS | : | |
| | : | |
| Defendants | : | |

## ANSWER WITH AFFRIMATIVE DEFENSES OF DEFENDANT, MOELLER MARINE PRODUCTS F/K/A TEMPO PRODUCTS, INC., TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

And now comes Defendant, improperly named as Moeller Marine Products, f/k/a

Tempo Products, Inc., and files the following Answer with Affirmative Defenses to Plaintiffs'

Second Amended Complaint as follows:

1.      Admitted based upon information and belief.

2.      Denied.  The allegations contained in paragraph 2 of Plaintiffs' Second

Amended Complaint constitute statement of fact to which no response is necessary and

strict proof thereof is demanded at the time of trial.  By way of further response, Tempo

Products, Inc., is not currently known as Moeller Marine Products.  Moeller Marine Products

did not purchase Tempo Products, Inc. and does not operate as Tempo Products, Inc.,

formerly did.

3.      Denied as statement of fact and speculation as to causation of the incident

and injuries and strict proof thereof is demanded at the time of trial.

4.      Admitted based upon information and belief.

5-14.  These allegations are addressed to a party other than Answering Defendant.

As such, no response is necessary.

15.     Denied as stated.  Moeller Marine Products was never formally known as

Tempo Products, Inc.  Tempo Products, Inc. sold its intellectual property, among other

assets to The Moore Company on August 7, 2008.

16-18.  This allegation is addressed to a party other than Answering Defendant.  As

such, no response is necessary.

19.     Denied as stated.  Moeller Marine Products was never formally known as

Tempo Products, Inc. and Moeller Marine Products was not purchased by The Moore

Company on August 7, 2008.  The remaining allegations are addressed to parties other

than Answering Defendant and as such, no response is necessary.

20.     Admitted that Plaintiffs have chosen to refer to the various Defendants

collectively, which complicates efforts to specifically determine which allegations are

directed toward the various Defendants, including Answering Defendant.  Answering

Defendant denies any liability for the claims asserted in the Fourth Amended Complaint

since it did not purchase Tempo Products, Inc. and did not operate as Tempo Products, Inc.

      21.    Denied.  The allegations contained in paragraph 21 of Plaintiffs' Fourth

Amended Complaint constitute conclusions of law and statements of fact to which no

response is necessary.  In the event a response is deemed necessary, the allegations are

specifically denied and strict proof thereof is demanded at the time of trial as they relate to

Answering Defendant.  By way of further response, Moeller Marine Products did not

purchase Tempo Products, Inc., and has never operated as the successor to Tempo

Products, Inc.  Moeller Marine Products does not have information as to whether or not

Tempo Products, Inc., manufactured any fuel component parts for the subject personal

watercraft.  Strict proof thereof is demanded at the time of trial.

      22.    Denied.  The allegations contained in paragraph 22 of Plaintiffs' Fourth

Amended Complaint constitute conclusions of law and statements of fact to which no

response is necessary.  Strict proof thereof is demanded at the time of trial.  By way of

further response, Answering Defendant did not manufacture the alleged component part(s)

and the intellectual property of Tempo Products, Inc., was purchased by The Moore

Company on August 7, 2008.  Any alleged or potential liabilities of Tempo Products, Inc.,

were not included in that sale.  Furthermore, there is no applicable successor liability under

the facts alleged.

23.     Denied.  The allegations contained in paragraph 23 of Plaintiffs' Fourth

Amended Complaint constitute conclusions of law and statements of fact to which no

response is necessary.  Strict proof thereof is demanded at the time of trial.  By way of

further response, Answering Defendant did not manufacture the alleged component part(s)

and the intellectual property of Tempo Products, Inc., was purchased by The Moore

Company on August 7, 2008.  Any alleged or potential liabilities of Tempo Products, Inc.,

were not included in that sale.  Furthermore, there is no applicable successor liability under

the facts alleged.

24-25.     Answering Defendant contests jurisdiction and venue in the United

States District Court for the Middle District of Pennsylvania.  Answering Defendant denies

that this Honorable Court can exercise jurisdiction over it since it does not have the requisite

contacts with the Commonwealth of Pennsylvania or the District.  Answering Defendant

denies any liability for the allegations asserted against it.

26-37.     Denied.  Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of the averments contained in these paragraphs and

accordingly, they are denied and strict proof thereof is demanded at the time of trial.  They

are also denied as statements of fact.

38.     Denied as a legal and medical conclusion and strict proof thereof is

demanded at the time of trial.

39-41.        Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs and accordingly, they are denied and strict proof thereof is demanded at the time of trial.  They are also denied as statements of fact.

42-49.        Denied.  The allegations contained in these paragraphs constitute conclusions of law and statements of fact which are denied.  Answering Defendant is without sufficient information to conclude that the subject personal watercraft was sold in a defective condition or without appropriate warnings and strict proof thereof is demanded at the time of trial.  By way of further response, Answering Defendant denies liability for the reasons set forth above.

50.     Denied.  Answering Defendant is without sufficient information or knowledge to admit or deny these allegations and strict proof thereof is demanded at the time of trial.

51.     Denied.  Answering Defendant is without sufficient information or knowledge to admit or deny these allegations and strict proof thereof is demanded at the time of trial. By way of further response, it is believed adult Plaintiffs may have failed to follow warnings regarding pre-ignition protocol and specifically checking for potential fuel fumes.

52.      Denied as a legal conclusion and strict proof thereof is demanded at the time of trial.

53.     After reasonable investigation, Answering Defendant is without sufficient information or knowledge to admit or deny this allegation and strict proof thereof is

demanded at the time of trial.  However, Answering Defendant denies that any component

product allegedly manufactured by Tempo was defective and a contributing factor in

causing the incident as alleged.  Strict proof thereof is demanded at the time of trial.

54-63.      Denied.  The allegations contained in these paragraphs against

Answering Defendant constitute conclusions of law and statements of fact to which no

response is necessary.  In the event a response is deemed necessary, the allegations are

specifically denied and strict proof thereof is demanded at the time of trial.  By way of further

response, Moeller Marine Products did not purchase Tempo Products, Inc., or operate

formerly as Tempo Products, Inc.  Strict proof thereof is demanded at the time of trial.

## COUNT I – NEGLIGENCE

64.     Answering Defendant incorporates its answers to paragraphs 1 through 63 as

though the same were set forth fully at length.

65-73.      Denied.  The allegations contained in these paragraphs constitute

conclusions of law and statements of fact to which no response is necessary.  In the event a

response is deemed necessary, the allegations are specifically denied and strict proof

thereof is demanded at the time of trial. By way of further response, the allegations fail to

delineate the alleged negligence of the various Defendants.  As it relates to Answering

Defendant, it denies any liability for the allegations as set forth above.

Wherefore, Answering Defendant demands judgment in its favor.

LEGAL/117800386.v1

## COUNT II – STRICT LIABILITY

74.     Answering Defendant incorporates its answers to paragraphs 1 through 73 as though the same were set forth fully at length.

75-82.          The allegations contained in these paragraphs constitute conclusions of law and statements of fact to which no response is necessary.  In the event an answer is deemed necessary, the allegations are specifically denied and strict proof thereof is demanded at the time of trial.  By way of further response, Answering Defendant denies any liability for the reasons set forth above.

Wherefore, Answering Defendant demands judgment in its favor.

## COUNT III – BREACH OF WARRANTY

83.     Answering Defendant incorporates its answers to paragraphs 1 through 82 as though the same were set forth fully at length.

84-89.          These allegations are addressed to a party other than Answering Defendant.  In the event they are construed against Answering Defendant, the allegations are specifically denied and strict proof thereof is demanded at the time of trial.

Wherefore, Answering Defendant demands judgment in its favor.

## COUNT IV – GROSS NEGLIGENCE, RECKLESSNESS, MALICE

90.     Answering Defendant incorporates its answers to paragraphs 1 through 89 as though the same were set forth fully at length.

91-96.          Denied.  The allegations contained in these paragraphs constitute conclusions of law and statements of fact to which no response is necessary.  In the event

the answers are deemed necessary, the allegations are specifically denied and strict proof thereof is demanded at the time of trial.  By way of further response, Plaintiffs fail to delineate the alleged conduct of the various Defendants and simply refers to them collectively.  Additionally, Answering Defendant is not liable for the reasons set forth above including, but not limited to, the fact that Moeller Marine Products has never been known as Tempo Products, Inc.  Finally, the allegations do not give rise to punitive damages.

Wherefore, Answering Defendant demands judgment in its favor.

## COUNT V – LOSS OF CONSORTIUM

97.     Answering Defendant incorporates its answers to paragraphs 1 through 96 as though the same were set forth fully at length.

98.     Denied as a legal conclusion and statement of fact and strict proof thereof is demanded at the time of trial.

Wherefore, Answering Defendant demands judgment in its favor.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

99.     Answering Defendant incorporates its answers to paragraphs 1 through 98 as though the same were set forth fully at length.

100-105.     Denied.  After reasonable investigation, Answering Defendant is without sufficient information or knowledge to admit or deny these allegations and strict proof thereof is demanded at the time of trial.

Wherefore, Answering Defendant demands judgment in its favor.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs, Eugene and Rebecca Ruddy, may be comparatively negligent for their claimed injuries.  Discovery is continuing.

## SECOND AFFIRMATIVE DEFENSE

Moeller Marine Products was never known as Tempo Products, Inc., and bears no liability for any alleged conduct on behalf of Tempo Products, Inc. Additionally, the general rule is that successor/subsequent companies are not liable for the conduct of any alleged former companies so Answering Defendant also asserts non-successor/subsequent company liability as an Affirmative Defense.

## THIRD AFFIRMATIVE DEFENSE

In the event it is determined that Tempo Products, Inc., manufactured component parts in the subject personal watercraft, it is denied that the parts manufactured by Tempo Products, Inc., were defective or unsafe for their intended purpose upon sale.  Furthermore, it is asserted that Answering Defendant is not liable for any alleged products manufactured by Tempo Products, Inc., involved in the subject personal watercraft.

LEGAL/117800386.v1

## FOURTH AFFIRMATIVE DEFENSE

In the event the relevant parts of the product are no longer available for inspection, Answering Defendant claims spoliation of evidence as an Affirmative Defense.

## FIFTH AFFIRMATIVE DEFENSE

The subject personal water craft may have been altered, abused, misused or substantially changed after it left control of Polaris, with the alleged component part manufactured by Tempo.  In the event discovery reveals any of this, they are asserted as Affirmative Defenses.

## SIXTH AFFIRMTIVE DEFENSE

To the extent the incident was a result of intervening or superceding causes outside of the control of Answering Defendant, and that such causes led to the injuries and damages claimed by Plaintiffs, Answering Defendant pleads this defense.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts it did not manufacture the subject product, the product in question did not have a defect making it unreasonably dangerous,

and/or the alleged defect did not exist at the time the product left Tempo's

control.

## EIGHT AFFIRMATIVE DEFENSE

The product at issue was manufactured in April 2002 and there were no

similar complaints/instances involving the subject personal watercraft prior to the

incident at issue.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a viable product liability claim against Answering

Defendant.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts the Pennsylvania Fair Share Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant contests jurisdiction in this Honorable Court,

including personal, subject matter and general.

## TWELVETH AFFIRMATIVE DEFENSE

Answering Defendant asserts that as an alleged

successor/subsequent company, it cannot be liable for punitive damages

under the facts alleged.

Respectfully submitted,
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

Benjamin A. Nicolosi, Jr., Esquire
Atty. I.D. #69551
P.O. Box 3118
Scranton, PA 18505
(570) 496-4606