# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eugene Ruddy and Rebecca Ruddy, husband and wife, individually and as parents of S. R., a minor<br>121 Sandwedge Drive<br>Mountain Top, PA 18707<br><br>        Plaintiffs,<br><br>   v.<br><br>Polaris Industries, Inc.<br>2100 Highway 55<br>Medina, MN 55340<br>   and<br>Polaris Sales, Inc.<br>2100 Highway 55<br>Medina MN 55340<br>   and<br>Federal-Mogul, LLC<br>27300 West 11 Mile Road<br>Southfield, MI 48034<br>   and<br>Federal-Mogul, Corporation<br>26555 Northwestern Highway<br>Southfield, MI 48033<br>   and<br>Carter Fuel Systems, LLC<br>127 Public Square<br>Suite 5110<br>Cleveland, OH 44114<br>   and/or<br>101 East Industrial Blvd.<br>Logans Port, IN 46947<br>   and<br>Moeller Marine Products<br>f/k/a Tempo Products, Inc. | No. 3:17-cv-423<br><br>(Judge Mariani) |

801 North Spring Street
Sparta, TN 38583
    and
The Moore Company
36 Beach Street
Westerly, RI 02891
    and
INCA Products Acquisition
Corporation
Corporate Trust Center
1209 Orange Street
Wilmington, DE 19801
    and
Seastar Solutions
1 Sierra Place
Litchfield, IL 62056

    Defendants.

## MEMORANDUM

We consider here a Motion for Partial Dismissal (Doc. 89) filed by Defendants The Moore Company, Inca Products Acquisition Corporation, and Seastar Solutions (the "successor companies").[1] The object of this motion is dismissal of Count IV of Plaintiffs' Fourth Amended Complaint sounding in gross negligence, recklessness, and malice. The motivation for

---

[1] These Defendants are successors to original Defendant Polaris Industries due to their acquisition of various assets once owned by Polaris Industries.

-2-

this motion is to insulate the moving Defendants from potential liability in the form of punitive damages.

The moving Defendants correctly cite *Simmers v. American Cyanamid Corporation*, 394 Pa. Super. 464 (1989) for the proposition that remote purchasers of assets (such as trademarks for a fuel system that Plaintiffs allege to have malfunctioned in a manner that caused serious physical injuries) can be held responsible for punitive damages if Plaintiffs demonstrate that they are so closely related to their predecessor that they can be appropriately held responsible for their predecessor's reckless conduct. (Doc. 92 at 6). Moving Defendants also provide various citations in support of their assertion that recovering punitive damages against successor companies is not automatic and whether punitive damages may be obtained against a successor company is a determination to be made on a case-by-case basis. *Id.* This Court does not disagree. Importantly, however, the state of the record in this case is woefully lacking in the detail necessary for this Court to evaluate the relationships between Polaris Industries, intermediate buyers of its assets, and the moving Defendants. Accordingly, this Court can make no determination regarding the propriety of punitive damages being assessed against the successor companies at this time.

The moving Defendants also urge that where, as here, a federal court sitting in diversity is considering an issue of state law upon which the state's highest court has yet to rule, the federal court must predict how the state's highest court would rule on the issue. The issue at hand is whether a successor corporation can be held liable for punitive damages. In this predictive process we must consider, inter alia, the decisional law of the state's intermediate courts in cases discussing related concepts. *National Insurance Company v. Wyndham World Wide Operations, Inc.* 653 F.3d 225, 231 (3rd Cir. 2011). Perhaps the most appropriate precedent to consider here is another case cited by the moving Defendants, *Dawejko v. Jorgensen Steel Company*, 290 Pa. Super. 15 (1980). Dawejko holds that a successor corporation may be held liable for a predecessor's liabilities when any of five conditions are present: (1) the successor company agrees to assume the obligations of its predecessor; (2) the transaction was a consolidation or merger; (3) the successor is essentially a continuation of the predecessor; (4) the transaction was a fraudulent attempt to escape liability; or (5) the transfer lacked adequate consideration and no provision was made for the predecessor's creditors.

While Dawejko, supra, speaks to successor company liability only in general terms, there is nothing in that case that suggests such liability

cannot include punitive damages in an appropriate case. Moreover, the Court must also note that three of the five Dawejko criteria (where a successor is a mere continuation of the predecessor; where the transaction was a fraudulent attempt to escape liability; and where the transfer was without adequate consideration or provision for creditors of the predecessor) are seemingly motivated by the long recognized perception that if parties can escape products liability by strategically selling defective products, some persons injured while using these products will be left without recourse. See *Hill v. Trailmobile, Inc.* 603 A. 2d 602, 606 (Pa. Super. 1992). This Court has great confidence that, if squarely presented with the issue whether successor companies may be liable for punitive damages in an appropriate case, the Pennsylvania Supreme Court would answer affirmatively.

With respect to Defendants' contention that Plaintiffs' Fourth Amended Complaint does not state with adequate specificity why the moving Defendants may be held liable for punitive damages, the Court finds that, while Plaintiffs' pleading is not elaborately detailed in this respect, it does allege that the Defendants had "actual and subjective awareness of the dangers and hazards of the subject PWC and/or fuel system components" and "in reckless disregard for human life and safety...

allowed the products to remain in the stream of commerce". (Doc. 69, ¶¶ 91-93). If these allegations prove true with respect to the moving Defendants, they could appropriately be liable for punitive damages under Pennsylvania law.

The Court will not, for now, strike the punitive damages count from Plaintiffs' Fourth Amended Complaint as to the moving Defendants. If, as discovery progresses, it becomes apparent that the moving Defendants may not appropriately be held liable under the Dawejko criteria, they are free to move for summary judgment at that time. For now, Plaintiffs will be permitted to engage in relevant discovery regarding their claims.

By the Court:

Robert D. Mariani
United States District Judge