# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eugene Ruddy and Rebecca Ruddy, husband and wife, individually and as parents of S.R., a minor<br>121 Sandwedge Drive<br>Mountain Top, PA 18707<br><br>      Plaintiffs,<br> v.<br><br>Polaris Industries, Inc.<br>2100 Highway 55<br>Medina, MN 55340<br>   and<br>Polaris Sales, Inc.<br>2100 Highway 55<br>Medina, MN 55340<br>   and<br>Federal-Mogul, LLC<br>27300 West 11 Mile Road<br>Southfield, MI 48034<br>   and<br>Federal-Mogul, Corporation<br>26555 Northwestern Highway<br>Southfield, MI 48033<br>   and<br>Carter Fuel Systems, LLC<br>127 Public Square<br>Suite 5110<br>Cleveland, OH 44114<br>   and/or<br>101 East Industrial Blvd.<br>Logans Port, IN 46947<br>   and<br>Moeller Marine Products<br>f/k/a Tempo Products, Inc.<br>801 North Spring Street | No. 17-cv-423<br><br>(Judge Mariani) |

Sparta, TN 38583
    and
The Moore Company
36 Beach Street
Westerly, RI 02891
    and
Inca Products Acquisition
Corporation
Corporate Trust Center
1209 Orange Street
Wilmington, DE 19801
    and
Seastar Solutions
1 Sierra Place
Litchfield, IL 62056

            Defendants.

## MEMORANDUM

We consider here Plaintiff's Motion to Compel Defendants Polaris Industries, Inc. and Polaris Sales, Inc. ("Polaris") to produce documents that relate to all explosions involving Polaris personal water craft ("PWC"). Specifically, Plaintiffs' motion seeks:

(1) Documents responsive to document requests 17 and 18 which seek "all documents concerning or arising from complaints of defects, injuries, or deaths from any and all PWC's manufactured by Polaris as well as all documents relating to any litigation against

Polaris as a result of a fire, explosion, or fuel leak in any of its PWC models."

and

(2) Responses to its interrogatories 16 and 17 seeking the names and addresses of all Plaintiffs' attorneys who brought litigation against Polaris related to defects in its fuel lines or gas tanks, the names and addresses of all courts where such litigation was conducted, and the identity of the records custodian having responsibility to store any complaints regarding defects in any Polaris PWC similar or comparable to the PWC that is the subject of this case.

Polaris objects to Plaintiffs' discovery requests on the basis that they are not relevant to Plaintiffs' claim and disproportionate to the needs of the case. (Doc. 96 at 5). Polaris explains that between 1992 and 2004 it manufactured four major PWC platforms: (1) The SL-SLT platform; (2) the Genesis platform; (3) the Virage platform; and (4) the MSX platform. (Id. at 7). The PWC operated by Plaintiffs at the time of the accident in question used the Virage platform. (Id. at 2). An expert produced by Polaris testified at a deposition that the fuel system for the Virage platform and the Genesis

platform were "very similar" but the fuel systems for the SL-SLT and MSX platform were dissimilar. (Id. at 7-8). Based upon their witness's deposition testimony, Polaris has refused to provide any information regarding accidents resulting from defects in the fuel systems of Polaris PWC's outfitted with its SL-SLT or MSX platforms. This refusal has resulted in the motion this Court now confronts.

Federal Rule of Civil Procedure 26 (b)(1) provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake and the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26 (b)(1) establishes a liberal discovery policy. *Great West Life Assurance Company v. Levithan*, 152 F.R.D. 494-497 (E.D.Pa. 1994).

Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. *Hicks v. Big Brothers/Big Sisters of America*, 168 F.R.D. 528, 529 (E.D.Pa. 1996); and *Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves*, P.A., 144 F.R.D. 258, 265-66 (E.D.Pa. 1992) (when there is no doubt about relevance a court should tend toward permitting discovery). Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. *Callahan v. A.E.D., Inc.* 947 F. Supp. 175, 177 (W.D.Pa. 1996); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D.Pa. 1996).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus*, supra at 265. The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. *S.S. Fretz, Jr. Inc. v. White Consolidated Industries*, Inc., No. 90-1731, 1991 WL 21655, at 2 (E.D.Pa. February 15, 1991).

The burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. Hicks, supra at 529; *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D.Pa. 1982). The party objecting to

discovery must show that the requested materials do not fall "within the broad scope of relevance...or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...". *Burke v. New York City Police Department,* 115 F.R.D. 220, 224 (S.D.N.Y 1987).

With the above-reference authorities in mind, the Court must examine whether the items Plaintiffs seek could potentially lead to the discovery of relevant information. It is obvious that if there is a history of explosions of Polaris PWC's due to fuel line malfunctions or faulty design, and a concomitant lack of effort to correct such problems, Polaris' exposure to punitive damages increases exponentially. [1] This reality persuades the Court that the discovery sought by Plaintiffs pursuant to this motion is indeed calculated to lead to the discovery of relevant evidence as envisioned by Rule 26 (b)(1). Also, because the information sought is uniquely accessible to Polaris and does not, in the Court's view, impose undue burden or expense on Polaris, several other criteria of Rule 26 (b)(1) will be satisfied by permitting the discovery Plaintiffs seek.

---

[1] This is not to indicate that the Court is predisposed to a finding that Polaris has conducted itself in a manner deserving such sanctions.

The Court is aware that Polaris' expert, Mr. Vincent Knudtson, has concluded that the contested information is irrelevant because the fuel systems about which Plaintiffs inquire are, in his opinion, dissimilar to the fuel system of the PWC that is the focus of this lawsuit. (Doc. 96 at 7-8). Plaintiffs, however, should not be required to accept this assessment as established fact and should be permitted to have their expert opine on the similarities, if any, of the fuel systems in question. The Court will be the arbiter of whether whatever accidents may have occurred are sufficiently similar for submission to a jury. *Barker v. Deere and Company*, 60 F.3d 158,160-61 (3d Cir. 1995).

As Plaintiffs contend, the three primary cases cited by Polaris [*Jackson v. Louisville Ladder, Inc.*, 586 F. App'x 882 (3d Cir. 2014); *Gumbs v. International Harvester, Inc.*, 718 F. 2d 88 (3d Cir. 1983); and *Barker v. Deere and Company*, supra] are not on point because each concerns the question whether evidence of prior accidents produced through discovery was sufficiently similar to permit submission in evidence at trial. (Doc. 99 at 2-3). As the literal text of Rule 26 (b)(1) makes abundantly clear: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Thus, the cases Polaris cites in supporting its argument are not determinative of the question presented here. Stated

another way, Polaris conflates the concept of admissibility under the Federal Rules of Evidence with that of discoverability under the Federal Rules of Civil Procedure. Confident that the information Plaintiffs seek is within the more liberal standard governing discoverability under Rule 26(b)(1), we find that Plaintiffs' Motion to Compel (Doc. 95) should be granted. An Order consistent with this determination will be filed contemporaneously.

By the Court:

_____
Robert D. Mariani
United States District Judge